IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL NO.: 07-231 (CKK)** |
| | : | Sentencing: January 18, 2008 |
| **DENNIS D. SHARP,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RELEASE PENDING SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant's Motion for Release Pending Sentencing.

A.   The Defendant Concedes the Court May Only Release the Defendant for "Exceptional Reasons"

For individuals found guilty of an imprisonable offense and awaiting sentence, 18 U.S.C. § 3143(a)(2) mandates detention unless an attorney for the government "has recommended that no sentence of imprisonment be imposed" and "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."

On October 2, 2007, at Defendant's plea colloquy, the government reserved the right to ask that Defendant be detained and stated to the Court that it intended to ask that the defendant receive a sentence of imprisonment for his guilty plea to possession of child pornography pursuant to 18 U.S.C. § 2252A. Indeed, the Plea Agreement bears out this intention: the parties have stipulated that the Offense Level under the United States Sentencing Commission, Guidelines Manual 2007 ("Sentencing Guidelines" or "U.S.S.G.") is 31. With a three-level reduction under U.S.S.G. § 3E1.1(a) and (b), the defendant faces a guidelines sentence of 78-97 months – a sentence that the

parties agree would constitute a reasonable sentence pursuant to 18 U.S.C. § 3553(a). The government has not, and does not, argue that the defendant poses a danger to any other person or the community, or is likely to flee. The government defers to the Court on these issues.

Defendant concedes that under this standard in 18 U.S.C. § 3143(a)(2), he cannot be released. Motion ("Mot.") at 4-5. Defendant argues, however, that his post-arrest actions constitute "exceptional reasons" why "such person's detention would not be appropriate." 18 U.S.C. § 3145(c).

B.  Defendant's Assistance to Law Enforcement and Rehabilitation Does Not Constitute "Exceptional Reasons" for Release

18 U.S.C. § 3145(c) does not define the term "exceptional reasons." Congress instead left the courts latitude to determine whether the term fit the circumstances of a particular defendant. United States v. Mitchell, 358 F.Supp.2d 707, 708 (E.D. Wisc. 2005). The statute requires "only that the court find that the defendant's situation is sufficiently unique to make detention pending sentencing inappropriate." Id. Defendant seeks as broad a definition of "exceptional reasons" while simultaneously asserting that his particular situation fits into a narrow class (his own) that justifies release.

Courts have usually not viewed post-arrest treatment for a condition with a causal relationship to the underlying offense as "exceptional reasons" warranting release for an individual otherwise appropriately detained, particularly in cases involving child pornography. United States v. Brown, 368 F.3d 992, 993 (8th Cir. 2004) (reversing district court finding that participation in treatment program by defendant, who pled guilty to possession of child pornography did not amount to "exceptional circumstances"); United States v. Salazar, 2007 WL 542390 (W.D. Ky. Feb. 16, 2007), at *1,2 (holding without explanation detention appropriate despite defendant's participation in out-

patient treatment for pornography addiction). Defendant's limited sex therapy treatment, without more, does not constitute an exceptional reason justifying release.

In United States v. Kaquatosh, cited by Defendant, the defendant, convicted of assault, had "successfully completed" a substance abuse program and was testing negatively for illicit substances and alcohol. The court, based on that and other reasons, concluded the defendant could be released. 252 F. Supp.2d 775, 779-780 (E.D. Wis. 2003). In contrast, Defendant has attended several meetings within a month of his plea. There is no proffer by defense counsel that the defendant has in fact been cured of his addiction; nor is there any support for the blanket statement by Defendant that "the objective facts and circumstances surrounding Mr. Sharp's treatment document his progress and indicate a high probability of successful rehabilitation." Mot. at 14.

Nor does Defendant's acceptance of responsibility for his role in this offense create an "exceptional reason." In United States v. Mitchell, also relied on by the defendant, see Mot. at 11-12, the court permitted the defendant to remain on release because of successful drug testing and compliance with other conditions of release. Yet the court also stressed the defendant's full cooperation with the government prior to pleading guilty and the government's statement that the defendant would receive a U.S.S.G. 5K1.1 motion at sentencing. The court noted the "incongruity" between allowing cooperators who had yet to complete their cooperation to remain free pending sentencing and those cooperators who had, like the defendant, completed their cooperation, when the release of cooperators "crime-fighting efforts" and the likelihood of a substantial assistance motion lowered the risk of noncompliance while on release. 358 F. Supp.2d 707, 708 (E.D. Wis. 2005). There is a material difference between cooperation that warrants a reduced sentence under the guidelines, and simply accepting responsibility. As this Court is aware, a defendant's confessions,

3

early plea, "answer[ing] all of this Honorable Court's questions candidly and openly[,]" Mot. at 13, or pre-trial compliance with conditions of release do not consitute substantial assistance to law enforcement such as would provide the basis for a sentencing departure pursuant to section 5K1.1. See also United States v. Green, 250 F. Supp. 2d 1145, 1151 (E.D. Mo. 2003) (noting in rejecting release of defendant lack of showing of any assistance by defendant to government). Defendant has pled in a timely matter and admitted his guilt, actions that the Sentencing Guidelines already take into account in section 3E1.1.

Likewise, Defendant's analogy to cases in which a defendant has received a downward departure under the guidelines due to extraordinary rehabilitative efforts is misplaced. The government and Defendant agreed that, pursuant to the Sentencing Guidelines, Defendant's conduct warrants a three-level decrease in Defendant's base level because of his early acceptance of responsibility. As noted in United States v. Kapitzke, 130 F.3d 820 (8th Cir. 1997), relied upon by Defendant, Mot. at 12-13, an additional departure under section 5K2.0 is warranted only if the defendant's efforts are exceptional enough to be atypical even for those cases where an acceptance of responsibility decrease is appropriate. Id. at 823.[1] In this instance, Defendant can only assert that his month of therapy amounts to an extraordinary circumstance warranting a downward departure at the time of sentencing. But there is no evidence that such therapy is unusual in the situation of a possessor of child pornography who is fortunate enough to be put on release pending a plea, and no evidence that the defendant has in fact been rehabilitated in this short time. Id. at 823-24 (upholding

---

[1] "Although in most cases [a Section 3E1.1 reduction] would be the maximum allowable, this circuit has left open the possibility for a further reduction on the 'rare occasion' that the rehabilitation 'is so extraordinary as to suggest its presence to a degree not adequately taken into consideration' by section 3E1.1." United States v. Tucker, 386 F.3d 273 (D.C. Cir. 2004) (citing United States v. Harrington, 947 F.2d 956, 962 (D.C. Cir. 1991) (further citations omitted).

departure where defendant had eight months of therapy, had completed a chemical dependency program, and had received laudatory reviews in his progress from numerous sources).

Defendant strongly implies that he should not be treated differently just because he pled guilty to an offense that creates a "public outcry directed at individuals convicted of crimes similar to those at issue in this case" and where "one's fundamental rights are permitted to rise and fall based on the social and political tides of today." The government simply asks that the Court not apply the term "exceptional reasons" to include the limited rehabilitative efforts of Defendant where there is no evidence that these efforts are in any way atypical.

## Conclusion

WHEREFORE, the government requests that the Court deny Defendant's Motion for Release Pending Sentencing.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

By: _____

Jeff Pearlman
DC Bar 466901
Assistant U.S. Attorney
Federal Major Crimes Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-2385