IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 07-CR-00231 |
|  | ) |  |
| Plaintiff, | ) | JUDGE COLLEEN KOLLAR-KOTELLY |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| DENNIS D. SHARP, | ) | **REPLY TO THE GOVERNMENT'S RESPONSE BRIEF** |
|  | ) |  |
| Defendant. | ) |  |
|  | ) | (Oral Hearing Requested) |

Now comes the Defendant, Dennis D. Sharp, by and through the undersigned counsel, Ian N. Friedman & Associates, L.L.C., and local counsel, Jeffrey T. Green, and hereby submits a Reply to the Government's Response to Defendant's Motion for Release Pending Sentencing. The reasons for this motion are set forth fully in the accompanying Memorandum in Support attached hereto.

Respectfully submitted,

*/s/ Ian N. Friedman*
IAN N. FRIEDMAN (0068630)
Lead Counsel for Defendant
Ian N. Friedman & Associates, L.L.C.
700 West St. Clair Avenue, Suite 110
Cleveland, OH 44113
(216) 928-7700
ifriedman@inflaw.com

*/s/ Jeffrey T. Green*
Jeffrey T. Green (426747)
Local Counsel
Sidley Austin LLP
1501 K Street NW
Washington, D.C. 20005-1401
(202) 736-8291
jgreen@sidley.com

1

## CERTIFICATE OF SERVICE

A copy of the foregoing has been electronically filed and served this 15th day of October, 2007, to Jeffrey Pearlman, Esq., Office of the United States Attorney, 555 Fourth Street, NW, room 10-447, Washington, D.C. 20530.

/s/ Ian N. Friedman
IAN N. FRIEDMAN
Lead Counsel for Defendant


/s/ Jeffrey T. Green
JEFFREY T. GREEN
Local Counsel for Defendant

## MEMORANDUM IN SUPPORT

I. **THE GOVERNMENT MISCHARACTERIZES MR. SHARP'S CONDITION AND, THEREFORE, FAILS TO COMPREHEND THE EXCEPTIONAL NATURE OF THE CIRCUMSTANCES PRESENTED BY THIS CASE.**

A. <u>**THE GOVERNMENT MISCHARACTERIZES OR FAILS TO UNDERSTAND THE NATURE OF DEFENDANT'S CONDITION.**</u>

The Government's Response to Defendant's Motion for Release Pending Sentencing stated that Mr. Sharp has not successfully completed any program and cannot show that he has been rehabilitated. Response at 3-4. In other words, the Government is concerned because Mr. Sharp cannot show that he has been "cured" of his afflictions in the short time and that he has been attending the Sex and Love Addicts Anonymous (S.L.A.A.) meetings.

Contrary to the Government's assertions, Mr. Sharp's ailment, like alcoholism, cannot be cured by a magic pill or any amount of therapy. However, with proper treatment and commitment, his addiction can be controlled. As evidenced by the S.L.A.A.'s model of treatment, it is useful to conceptualize the treatment of sex offenders in the same way that people conceptualize treatment for alcoholics. Addicts and offenders are never free of their problem and they are always in recovery, dealing with it every day of their lives. If such individuals can be taught to successfully manage their propensity to engage in unlawful conduct, they become less of a risk to past or potential victims.

In McKune v. Lile, 536 U.S. 24 (2002), the United States Supreme Court noted the legitimate and important objective of rehabilitation as a necessity in helping sex offenders address their sexual addictions and develop relapse prevention skills. Recent meta-analysis compiled by leading physicians and

3

psychologists shows that recidivism rates were much lower for sex offenders who underwent treatment as compared to those sex offenders who did not undergo treatment.[1] In fact, nine (9) out of ten (10) studies investigating over eighty (80) different therapeutic programs provided evidence that treatment was effective.[2] As these studies indicate, treatment for sexual addiction is not only desirable, it is necessary.

B.  **MR. SHARP'S CASE PRESENTS EXCEPTIONAL CIRCUMSTANCES JUSTIFYING HIS RELEASE PENDING SENTENCING PURSUANT TO 18 U.S.C. § 3145(c).**

In their Response to Defendant's Motion for Release Pending Sentencing, the Government states that Mr. Sharp's limited sex therapy treatment, without more, does not constitute an exceptional reason justifying release. Response at 3. In support of its position, the Government cites United States v. Brown, 368 F.3d 992 (8th Cir. 2004), wherein the district court found that a defendant's participation in a treatment program after pleading guilty to possession of child pornography did not amount to "exceptional circumstances." Response at 2. However, Brown is clearly distinguishable from the instant matter. Unlike the Defendant in Brown, who was in a treatment program for generalized depression, Mr. Sharp is actively seeking treatment for sexual addiction, which is directly related to the crime to which he pleaded guilty. While depression may be only tangibly related to the particular criminal offense, sexual addiction is precisely related to child pornography offenses.

---

[1] Gordon C.N. Hall, *Sexual Offender Recidivism Revisited: A Meta-Analysis of Recent Treatment Studies*, 63 J. CONSULTING & CLINICAL. PSYCHOLL. 902 (1995).
[2] J. Paul Federoff & Beverly Moran, *Myths and Misconceptions About Sex Offenders*, 6 CAN. J. HUM. SEXUALITY 263 at 270 (1997).

4

Moreover, Mr. Sharp began the treatment regimen on his own, without court mandate, and prior to plea proceedings.

Mr. Sharp submits that a more extended and personalized therapy program is required to afford him the most consideration by this Court at sentencing. Immediately after discovering that therapeutic measures were available, he voluntarily entered a treatment program and has maintained a commitment to rehabilitating himself. Should this Honorable Court grant the Motion for Release Pending Sentencing, Mr. Sharp will be afforded the opportunity to enter and complete a regimented, personalized program designed for the treatment of sexual addiction. This program will be supplemented by ongoing counseling and twelve-step work. Therefore, Mr. Sharp is not submitting, as the Government posits, that his limited therapy, without more, constitutes an exceptional reason justifying release. Response at 3. He is simply requesting that this Honorable Court grant him the opportunity to obtain further treatment. *This* will constitute extraordinary rehabilitative effort for consideration by this Honorable Court.

The Government next questions Mr. Sharp's assistance in this case, characterizing his efforts as simply accepting responsibility. Response at 3. They attempt to distinguish United States v. Mitchell, 358 F. Supp.2d 707 (E.D. Wis. 2005), stressing the defendant's receipt of a U.S.S.G. §5K1.1 departure at sentencing. However, this distinction is not compelling. Similar to the defendant in Mitchell, Mr. Sharp provided all possible assistance to the Government in this matter: he gave an initial statement at his residence, willingly accompanied the Government to their office to give a videotaped statement, entered a plea by way of

5

information, and fully complied with all requests made by this Court and the Government throughout the course of the instant case. Mr. Sharp has not sought U.S.S.G. §5K1.1 consideration, nor has he been offered any such consideration. Reference to his cooperation is pertinent, however, within the realm of pre-sentence release. Clearly, Mr. Sharp would have cooperated further had the opportunity presented itself. Under the circumstances in this case, it would be unfair to penalize Mr. Sharp where the opportunity for assistance was lacking. Viewing the case from this perspective, it is clear that Mr. Sharp, like the defendant in <u>Mitchell</u>, provided all possible assistance.

When Congress initially considered enacting the Mandatory Detention Act for violent offenses, the Department of Justice (DOJ) submitted a letter to Congress wherein they cautioned against an absolute rule barring release.[3] Instead, the DOJ felt that certain situations could present themselves where detaining an individual would be inappropriate. By adopting the term "exceptional reasons," and nothing more, Congress vested the district courts with broad discretion to consider all particular circumstances of the case(s) before them and draw upon the courts' broad experiences with the mainsprings of human conduct.

The DOJ and Congress believed there would be situations that would merit a defendant's release pending sentencing. As previously stated, courts addressing the issue have cited rehabilitative efforts as an important consideration when deciding whether to detain an individual. Mr. Sharp has provided significant acceptance and assistance in his investigation to the Government throughout the course of the instant matter. Now, he respectfully requests this Honorable Court afford him the

---

[3] See <u>United States v. Garcia</u>, 340 F.3d 1013 at 1016 (9th Cir. 2003).

opportunity for consideration at sentencing. Unlike defendants in the myriad of other cases before this Honorable Court, the "Protect Act" restricts individuals convicted of sex crimes in that they can only seek a variance at sentencing for extraordinary rehabilitative efforts. The Government concedes in their Response that Mr. Sharp does not pose a danger to any other person or the community and that he is not likely to flee. Response at 2. Therefore, the Government bases its argument in favor of detaining Mr. Sharp solely on the theory that his actions to the present are routine or ordinary.

Mr. Sharp, however, opines that the circumstances of his case are exceptional and that, given the opportunity, they will rise to the level of extraordinary for purposes of a downward variance at sentencing. The fact that Mr. Sharp is afflicted with this condition and is actively seeking rehabilitation is precisely what makes this case atypical. If the Government is correct and Mr. Sharp's efforts do in fact fall short of extraordinary, then let this Honorable Court make that determination at his sentencing, having afforded him the opportunity to at least argue for said variance.

Respectfully submitted,

_/s/ Ian N. Friedman_
IAN N. FRIEDMAN (0068630)
Lead Counsel for Defendant
Ian N. Friedman & Associates, L.L.C.
700 West St. Clair Avenue, Suite 110
Cleveland, OH 44113
(216) 928-7700
ifriedman@inflaw.com

7

/s/ *Jeffrey T. Green*
Jeffrey T. Green (426747)
Local Counsel
Sidley Austin LLP
1501 K Street NW
Washington, D.C. 20005-1401
(202) 736-8291
jgreen@sidley.com

8