UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DENNIS D. SHARP,<br><br>Defendant. | Crim. Action No. 07-231 (CKK) |

**FILED**

OCT 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MEMORANDUM OPINION**
(October 23, 2007)

On October 2, 2007 Defendant pled guilty to one count of possession of child pornography pursuant to 18 U.S.C. § 2252A(a)(5). The Court accepted Defendant's plea and granted the government's oral motion to detain Defendant pending his sentencing scheduled for January 18, 2008. Presently before the Court is Defendant's [25] Motion for Release Pending Sentencing. Upon consideration of the Parties' submissions, case law and applicable statutory authority, the Court shall DENY Defendant's Motion for the reasons expressed below.

I. BACKGROUND

Members of the Metropolitan Police Department and Immigration and Customs Enforcement executed a search warrant at the address of Defendant on July 19, 2007. Def.'s Mot. at 3. The search identified approximately 330 printed images, 530 digital images, and 120 videos containing child pornography. Def.'s Suppl. at 2 (Forensic Psychological Evaluation performed by Dr. Jennifer L. Marshall). On October 2, 2007, Defendant pled guilty to one count of possession of child pornography. *See* 18 U.S.C. § 2252A(a)(5); [19] Information. After the

Court accepted Defendant's plea, the government made an oral motion to detain Defendant pending sentencing. *Id.*

In response to the government's motion, the Court reviewed the applicable statutes and found that they required Defendant's detention. Specifically, the Court found that Defendant's offense, possession of child pornography, constituted a "crime of violence" as that term is defined in 18 U.S.C. § 3156(a)(4)(C) (defining "crime of violence" to include any felony under chapter 110, which includes Defendant's offense). A defendant who pleads guilty to a crime of violence is subject to the detention provisions set forth in 18 U.S.C. § 3143(a)(2) (applicable to offenses described in § 3142(f)(1)(A), which includes crimes of violence).

Section 3143(a)(2)(A)(ii) requires mandatory detention for a Defendant found guilty of a crime of violence unless an attorney for the government "has recommended that no sentence of imprisonment be imposed" and "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person in the community."[1] In the

---

[1] This section provides, in relevant part:

The judicial officer *shall* order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of [18 U.S.C. § 3142(f)(1)] and is awaiting imposition or execution of sentence *be detained unless:*

> (A) (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

§ 3143(a)(2) (emphasis added).

instant case, the government recommended that a sentence of imprisonment be imposed. *See* Gov't's Resp. at 1. Accordingly, the Court found that § 3143(a)(2) required Defendant's detention pending sentencing.

On October 4, 2007, Defendant filed the instant Motion for Release Pending Sentencing based on 18 U.S.C. § 3145(c), a provision that permits a defendant to appeal an order of detention "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." Defendant supplemented this filing with his psychological evaluation on October 5, 2007. The government filed its Response on October 9, 2007, opposing Defendant's release and arguing that Defendant had failed to identify any "exceptional reasons." Gov't's Resp. at 5. Defendant filed a Reply to the Government's Response on October 15, 2007.

## II. DISCUSSION

This Circuit has not opined on the applicability of 18 U.S.C. § 3145(c) in circumstances similar to the present. The government's Response argues exclusively that "exceptional reasons" do not exist justifying Defendant's release, and does not argue that the Court lacks discretion to provide the relief requested by Defendant under this section.[2] Based on the resolution of the instant motion, the Court does not have to resolve this issue. Accordingly, the Court shall proceed to examine the merits of Defendant's Motion.

Section 3145(c) does not define the term "exceptional reasons," though courts have generally read the phrase to mean circumstances that are "clearly out of the ordinary, uncommon,

---

[2] Courts in other jurisdictions have examined 18 U.S.C. § 3145(c) and arrived at conflicting conclusions about the discretion it may or may not vest in district court judges. *See, e.g., United States v. Bao Deng Chen*, 257 F. Supp. 2d 656, 657-64 (S.D.N.Y. 2003) (collecting and discussing cases that have addressed the applicability of section 3145(c)). The applicability of this section was not briefed by the government and does not affect the disposition of Plaintiff's Motion.

or rare." *United States v. Koon*, 6 F.3d 561, 563 (9th Cir. 1993) (Rymer, J., concurring in denial of rehearing en banc). *See also United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991) (referring to "unique combination[s] of circumstances"); *United States v. Devinna*, 5 F. Supp. 2d 872, 873 (E.D. Cal. 1998) (holding that a defendant must show something more than a low likelihood of flight or danger to others). Defendant's motion implicates two circumstances in which courts have previously found exceptional reasons to exist: (1) successful and remarkable rehabilitation related to the underlying offense, and (2) extraordinary assistance provided to the government. *See, e.g., United States v. Kaquatosh*, 252 F. Supp. 2d 775, 779-80 (E.D. Wis. 2003) (releasing defendant pending sentencing on serious assault charges where he had successfully completed a substance abuse program, received laudatory reviews from his employer who appeared in court on his behalf, asked to obtain a psychological evaluation and treatment prior to imprisonment, and provided needed income to his family based on steady employment); *United States v. Mitchell*, 358 F. Supp. 2d 707, 709 (E.D. Wis. 2005) (releasing defendant based, in part, on the government's U.S.S.G. 5K1.1 departure recommendation for the defendant's extraordinary assistance and his conduct that "went beyond mere compliance with release conditions and was, compared to other defendants charged with similar offenses, . . . out of the ordinary"). In the present matter, the Court need not delineate precisely the combination of circumstances that may be considered "exceptional" because Defendant has not set forth any argument demonstrating how his circumstances are anything other than ordinary.

    A.    *Rehabilitation*

Defendant concedes that his rehabilitation has not, to date, been exceptional. *See* Def.'s Reply at 5 ("[Defendant] is not submitting . . . that his limited therapy, without more, constitutes

an exceptional reason justifying his release").[3] This concession distinguishes Defendant's circumstances from cases where a defendant has successfully completed treatment. *See, e.g., Kaquatosh,* 252 F. Supp. at 779-80. Defendant instead asks the Court to grant his release so he can continue to pursue treatment that may, going forward, "constitute extraordinary rehabilitative effort[s]." Def.'s Reply at 5.

Defendant's desire to continue with therapy is commendable but not exceptional. Defendant's reasoning would justify the release of every Defendant who, when faced with a serious sentence, makes a representation that he wants to seek treatment. Such a result is inconsistent with the statutory directive that circumstances be "exceptional." *See United States v. Brown,* 368 F.3d 992, 993 (8th Cir. 2004) (reversing district court's decision to release defendant for additional treatment and finding that participation in a treatment program by defendant, who pled guilty to possession of child pornography, did not amount to "exceptional circumstances").[4]

Defendant's psychological evaluation does not advance his argument. Although Dr. Marshall concluded that Defendant is in the "low-to-low medium range of risk for future sexual offending, " Def.'s Suppl. at 9, the reliability of this finding is diminished because "[i]t is uncertain whether [the risk assessment] instrument is accurate in assessing risk for cases such as [Defendant's] acquisition of child pornography . . ." *Id.* at 7. While Dr. Marshall administrated a test for psychopathology, personality, and emotional functioning, *Id.* at 5, the results of that test were also clouded because Defendant "was portraying himself in an overly positive light" and

---

[3] Defendant submitted papers reflecting his attendance at Sex and Love Addicts Anonymous meetings from August 23, 2007 to September 27, 2007. *See* Def.'s Mot. Ex. A.

[4] Defendant's argument also assumes that a court may release a defendant for exceptional reasons that have not yet occurred; the present tense language of § 3145(c) suggests otherwise. *See* § 3145(c) (permitting defendant's release "if it is clearly shown that there *are* exceptional reasons why such person's detention would not be appropriate") (emphasis added).

"[g]iven [Defendant's] rather high level of defensiveness, the findings from this test measure are not likely to be considered valid." *Id.* In terms of rehabilitation, Dr. Marshall concluded that Defendant's therapy could be impeded by "his present belief that he is not a sex offender given that this was a hands-off offense." *Id.* at 9.

In short, nothing submitted by Defendant suggests that he has been been subject to successful and remarkable treatment, and his argument suggesting that future treatment would be exceptional is unsupported by his psychological evaluation at this time.

### B.    *Government Assistance*

Defendant's other argument is that exceptional reasons exist justifying his release based on his level of cooperation during and following his arrest. Def.'s Mot. at 12. Specifically, when officials arrived at his home, Defendant provided the officials with a statement. *Id.* Defendant later voluntarily provided a videotaped statement describing the events that had transpired. *Id.* Defendant also plead by way of information, waiving his right to a Grand Jury indictment, and has answered all of the Court's questions candidly and openly. *Id.*

The Court agrees with the government that there is a material difference between on the one hand accepting responsibility for one's actions and on the other hand providing such a heightened degree of assistance to the government that it leads to a possible downward sentencing departure. *See* Gov't's Resp. at 4; *Mitchell*, 358 F. Supp. 2d at 709 (releasing defendant pending sentencing based, in part, on exceptional assistance leading to a downward departure at sentencing). Defendants pleading guilty to crimes of violence often benefit from cooperating during and after their arrest because courts may take it into consideration under the advisory sentencing guidelines – not because cooperation regularly leads to release pending sentencing. Defendant's cooperation, like his therapy, is commendable, but § 3145(c) does not

authorize a defendant's release except for exceptional reasons that are simply not present in this case.

### III. CONCLUSION

For the foregoing reasons, the Court shall DENY Defendant's [25] Motion for Release Pending Sentencing.

Date:   October 23, 2007

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge