**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 07-231 (CKK)** |
| | : | |
| **DENNIS SHARP,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby provides this memorandum in aid of sentencing. The government seeks a sentence of incarceration for the defendant at the lowest end of the guideline range, which range is consistent with a proper balancing of the 18 U.S.C. § 3553(a) factors the Court must consider:

## I. FACTUAL BACKGROUND

As a result of an Immigration and Customs Enforcement ("ICE") investigation into a criminal organization operating numerous commercial child pornography websites, ICE learned that on November 13, 2006, and again on December 4, 2006, that the defendant paid $99.95 to access a member-restricted website that enabled members to download images depicting lascivious displays of female minors' genitalia and female minors engaged in sexually explicit conduct with adult males.

On July 19, 2007, members of the Metropolitan Police Department Regional Internet Crimes Against Children Task Force executed a search warrant at the defendant's residence at 713 D Street NE, where they confiscated the defendant's computer and a box containing paper with printed images of child pornography. After an analysis of the computer, law enforcement

found approximately 530 digital images of child pornography and 120 downloaded videos containing child pornography. Some of the files contained images with titles that would convey to the ordinary user that the files contained images of young victims of child pornography, such as "1YO_Stephanie," and "4YO_Slut."

Officers on the day of the seizure invited the defendant to visit their office, and the defendant then visited the officers that same evening. At that time, the defendant admitted that the computer and the box with the child pornography were his, and that he used the computer to download and view the images. Many of the images contain sadistic or masochistic conduct or other depictions of violence against young girls. Examples include (1) a movie file with the file name "1YO_Stephanie," which depicts an apparently one-year old infant being vaginally penetrated by an adult male's penis; (2) a movie file with the file name "xvi0007," which depicts a female child apparently under the age of ten masturbating an adult male's penis while receiving instruction on how to do so; (3) a movie file with the file name "xvi0040," which depicts a lethargic, drugged-looking female child under the age of twelve with an adult penis in her mouth; and (4) a movie file with the file name "4YO_Slut," which depicts an apparently four-year old female child being vaginally penetrated by objects.

The images were sent to the National Center for Missing and Exploited Children. Forty-seven child victims seen in the photographs and videos of children possessed by the defendant are victims identified in prior pornography cases.[1] Of these, two child victims, from the

---

[1]The draft of the Presentence Report stated that "[f]orty-seven of the photographs and videos of children possessed by the defendant are victims that were identified in prior child pornography cases by the National Center for Missing and Exploited Children (NCMEC)." In response, on December 20, 2007, the defendant filed an objection to the presentence report draft stating in response to paragraph 12 of the Presentence Report that no parent or child victim had

"Jan_Feb" and "Vicky" series of child pornographic images, have provided victim impact statements to the Court.[2]

## II. UNITED STATES SENTENCING GUIDELINES

As part of his plea agreement, the defendant agreed that the applicable sentencing guideline is U.S.S.G. §2G2.2 and the base offense level is 18. Under the plea agreement, the defendant stipulated that the offense level was 28 because certain offense characteristics applied to the defendant's conduct, including:

a. Two levels for material involving a prepubescent minor, under §2G2.2(b)(2);

b. Four levels for material involving depictions of violence under §2G2.2(b)(4);

c. Two levels for use of a computer, under §2G2.2(b)(6);

d. Five levels for more than 600 images possessed, under §2G2.2(b)(7)(D);[3] and

---

been identified in this case. This objection is unsupported and without merit. For each of the victims, including the child victims of the "Jan_Feb" and "Vicky" series, which images were found in the defendant's possession, and for which the government has provided victim impact statements to the defendant and the Court, the known victim's identity was confirmed through law enforcement officials familiar with the child. Once the child has been identified in an image, that information is retained by NCMEC. When the image appears in other cases, NCMEC compares the images seized with the images on file, using its Child Victim Identification Program ("CVIP") system. The government proffers that the NCMEC reports have been used by multiple courts at both state and federal levels in the identification of child pornography victims. The government has retained a copy of the CVIP report should the Court or defense counsel wish to review it.

[2]On December 28, 2007, the government filed a Notice of Filing Pursuant to Title 18 U.S.C. Section 3509, in which it provided unredacted and redacted copies of victim impact statements related to the "Vicky" and "Jan_Feb" images found in the defendant's possession, and forwarded to defense counsel redacted copies of the statements. The first statement, addressed to the United States Attorney's Office for the Northern District of New York, with attachment, relates to images for "Jan_Feb," and the subsequent statements relates to images for "Vicky."

[3] The Commentary to §2G2.2 provides, in pertinent part, that to determine the number of images, "[e]ach video, video-clip, movie or similar recording shall be considered to have 75

e. A three level reduction for acceptance of responsibility.

If the Court accept the conclusions in the PSR, and the calculations agreed to in the plea agreement, the adjusted offense level is **28**, which, given the lack of criminal history, sets a sentencing range of **78 to 97 months incarceration.**

## III. The Defendant Committed a Serious Offense

The defendant's actions in amassing such a large library of child pornography fueled an industry that victimizes children throughout the world. The serious punishment recommended by the United States Sentencing Commission reflects Congressional concerns that consumers of child pornography, like the defendant, not create the market that causes producers of child pornography to kidnap, drug, and otherwise coerce the young children who are subjects of this ugly contraband.

The Ninth Circuit has articulated that "commercial child pornography" is the industry targeted by Congress; moreover, the most effective method of eradicating the industry is to punish the ultimate consumer. United States v. Adams, 343 F.3d 1024, 1034 (9th Cir. 2003).

> Th[e] legislative history leads us to three observations: (1) Congress determined that child pornography is a multi-million dollar industry in which sexually explicit depictions of children are bought, sold, and traded interstate; (2) Congress decided to "stamp out" the market for child pornography by criminalizing the production, distribution, receipt, *and possession* of child pornography; and (3) Congress thought it could strike a blow to the industry by proscribing possession of child pornography "because those who possess and view child pornography encourage its continual production and distribution."

*Id*. at 1032, citing 136 Cong. Rec. at S4730 (emphasis in original). This Ninth Circuit panel stressed the national interest in punishing consumers, because "possession of commercial child pornography

---

images." Commentary, 4(B)(ii). The defendant therefore bears responsibility for well over 8,000 images.

[whether the possession resulted from inter- or intrastate sale, trade, or dissemination] substantially affects the national market for child pornography." *Id.* at 1034; *see also* United States v. Rodia, 194 F.3d 465, 477 (3d Cir. 1999) (Polaroid photographs of "naked boys in various sexually explicit poses" does indeed fall within federal reach, because "possession of 'home grown' pornography may well stimulate a further interest in pornography that immediately or eventually animates demand for interstate pornography"). The defendant should acknowledge that his pursuit of these materials does indeed victimize children, since throughout the world, real children are forced or tricked into the degradation that is child pornography, for the mere gratification of adults like this defendant. Moreover, because the Internet has become the distribution medium of the photographs, the degradation of these children is permanent, continuous, and impossible to eradicate.

Clearly, the defendant here fueled the national and international market for child pornography. The defendant's punishment should reflect the impact of his actions on the marketplace, and on the ultimate victims, the children who were the subject of the many images in his collection. Concerning the effect on these children, the government cannot offer more serious and eloquent evidence than those victim impact statements made on behalf of the victims in this case.

The government hereby notifies the Court and the defendant that it will make portions of the images seized available to the Court for the sentencing hearing, in order to assist the Court in assessing the serious nature of the defendant's conduct.

## IV. RECOMMENDATION

______Fidelity to the Guidelines in this case is consistent with an assessment of the factors in 18 U.S.C. § 3553(a). The Guideline recommendation properly reflects the seriousness of the offense and its impact on the production of child pornography. It should deter the casual or serious consumption

of such images as well as ensure that the defendant will be unable to reaccess such images. The government credits the defendant with his early acceptance of responsibility in this case; however, such early acceptance does not change the seriousness of the offense. Therefore, the government respectfully requests that the Court sentence the defendant to the low end of the recommended range to 78 months incarceration.

Respectfully Submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:

Jeffrey Pearlman
Assistant United States Attorney
Federal Major Crimes Section
United States Attorney's Office
555 Fourth Street, N.W., Room 4231
Washington, D.C. 20530
Phone: (202) 353-2385
Fax: (202) 514-6010
jeffrey.pearlman@usdoj.gov