FROM : Ian N Friedman & Associates     FAX NO. :2165569779     Dec. 21 2007 11:48AM  P2

### HONORABLE COLLEEN KOLLAR-KOTELLY UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: CR-07-231-01 |
| | : | |
| vs. | : | SSN: |
| | : | |
| Sharp, Dennis D. | : | Disclosure Date: December 14, 2007 |

**FILED**

**JAN 18 2008**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

#### For the Government

(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.

( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein

_____        _____
**Prosecuting Attorney**                             **Date**

#### For the Defendant

(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein

(X) There are material/factual inaccuracies in the PSI report as set forth in the attachment

*Dennis Sharp /KW*         _____  12/21/07
**Defendant**       /Date    **Defense Counsel**   **Date**

*Objections set forth in pdf emailed to all parties on this date*

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32.2, those executing this form shall first submit any material inaccuracies or disputes in writing by **December 28, 2007** to U.S Probation Officer **Michael Penders**, telephone number **(202) 565-1379** fax number **(202) 273-0242**

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office

**FOR THE COURT**

By:   Gennine A. Hagar, Acting Chief
      United States Probation Officer

*Law Offices of*
*Ian N. Friedman & Associates L.L.C.*
*Attorneys at Law*
*700 West St. Clair Avenue Suite 110*
*Cleveland OH 44113*

*Telephone: (216) 928.7700  Facsimile: (216) 556.9779*

December 21, 2007

Michael Penders                                            **Sent Via Email Attachment**
United States Probation Officer
333 Constitution Ave., NW, Rm. 2800
Washington, DC 20001

>    Re:    **United States of America v. Dennis D. Sharp**
>           **Case No.: 07-CR-231**

Dear Mr. Penders:

I hope this letter finds you well. Pursuant to Criminal Rule 32(f), the purpose of this letter is to notify you of the Defendant's objections to various facts and sentencing factors set forth in the presentence investigation report prepared on December 14, 2007. The Defendant's objections to the presentence investigation report are as follows:

**Paragraphs 12-13:**
These paragraphs address the future disclosure to the court of victim impact statements. The Defendant hereby objects to such disclosure and/or inclusion of victim impact statements. Pursuant to Federal Criminal Rule 32(d)(2)(B), the presentence report is to contain "verified information, stated in a nonargumentative style, that assesses the financial, social, psychological, and medical impact on any individual against whom the offense has been committed." In the present matter, neither specific victims, nor the victims' parents have been identified. Furthermore, the particular images contained on the Defendant's hard drive that portray the identified victims have not been identified. For these reasons, any inclusion of victim impact statements falls short of the verification requirement set forth in Rule 32. Additionally, the Defendant submits that inclusion of such statements in the presentence report or as an addendum to the report is highly prejudicial and only intended to enflame the emotions of the sentencing court.

**Paragraph 63:**
This paragraph indicates that the Total Offense Level is 26. In fact, the Total Offense Level is 28.

**Paragraph 81:**
This paragraph notes the potential application of an upward departure pursuant to USSG §2G2.2, comment (n.4(B)(i)), which states that "if the number of images substantially under-represents the number of minors depicted, an upward departure may be warranted." The Defendant objects to application of an enhancement under this Guideline provision. In the plea agreement governing this matter, the Defendant stipulated to a five level enhancement for possessing 600 or more images. This five level enhancement is the maximum enhancement provided for in USSG §2G2.2(b)(7). In 2007, the Sentencing Commission amended certain provisions of the Guidelines, including provisions contained in Part G, which governs the instant matter. The Commission had the opportunity to revise the enhancement levels related to the number of images involved in a given prosecution, but the Commission chose not to do so, which implies that the Commission was of the opinion the current enhancement levels are sufficient. Because the Defendant stipulated to the maximum enhancement applicable to the number of images contained on his computer hard drive, an additional enhancement is unwarranted.

In summary, the Defendant objects to information contained in paragraphs 12, 13, 63, and 81. If you have any questions or require further clarification, please feel free to contact me at your first convenience.

Very truly yours,

IAN N. FRIEDMAN & ASSOCIATES, L.L.C.

Ian N. Friedman, Esq.

cc:   Jeffrey Pearlman, Assistant U.S. Attorney